THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>Michael Wilkinson,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER CONTINUING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 1:21-cr-00008-DBB<br><br>District Judge David Barlow |

    This Order Continuing Trial and Excluding Time Under the Speedy Trial Act is entered in response to the ongoing evolution of the Coronavirus Disease (COVID-19) outbreak in the District of Utah.

    Notwithstanding the evolution of the global pandemic and the revised approach suggested by the scientific community, the nationwide emergency designation adopted by the President of the United States in 2020 remains in place. Utah and the nation remain in the midst of the most serious global pandemic in over a century. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the operations of the federal courts. The CDC continues to issue and modify guidance to combat the spread of the disease, and to promote the health and well-being of the nation.

    Globally, it is estimated that nearly 500 million people have been infected by the COVID-19 virus, resulting in over 6 million deaths. It's likely that those numbers significantly underestimate the actual cases and deaths worldwide. There are nationwide now

nearly 80 million confirmed cases of Americans infected with COVID-19, and approximately 1 million confirmed deaths. More than 4,600 Utahns have died and over 34,000 hospitalized as a product of nearly 1 million cases in the State. And even as case counts increase and decrease in the District, additional variants continue to be identified around the globe. It is impossible to know when or how the District will be affected by those variants, but two years of experience during the pandemic suggest that impact on public health and court operations may be significant.

Particularly relevant to judicial operations in the District of Utah, local jails with whom the United States Marshal Service contracts for pretrial and post-sentencing detention continue to experience case surges requiring quarantine of federal inmates. The jails remain particularly susceptible to rapid spread of the disease, which causes the availability of defendants for in-person hearings to constantly change. The vast majority of federal inmates held in the local jails in the District have for at least the last year voluntarily exercised their right under the emergency provisions of the CARES Act to waive their right to appear in person for critical hearings. This reflects the continuing reality that transportation in and out of the jail facilities presents health risks to our detained defendants and those servicing the local jails during the pandemic. In-person hearings also expose our defendants to elevated risk of unwanted quarantine and other consequences the defendants want to avoid.

Moreover, even as the Court modifies the availability of in-person hearings and jury trials under the revised CDC guidance, the last two years of greatly reduced trial availability have generated a significant backlog. Despite its best efforts to date, the Court cannot possibly fully accommodate the immediate demand for jury trials both in civil and criminal cases. The Court is actively working to increase jury trial capacity, with a focus on criminal cases and

attendant Speedy Trial Act issues. As a matter of practical necessity, not all criminal defendants in custody who wish to exercise their Speedy Trial rights can be provided immediate jury trial dates. Since the Court began making jury trials available on a limited basis, criminal trials have enjoyed priority. For several months, the Court conducted only criminal jury trials to ensure that all detained defendants seeking trial could get dates. All detained defendants were given possible dates for trial before the Court resumed civil jury trials. Under the Court's forthcoming three-tiered community risk assessment approach, criminal jury trials will continue to enjoy priority with the presiding judge in each case, and dates will be provided for trial as soon as reasonably practicable.

Taking into account all of this, as well as the available and relevant COVID- related data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah.

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[1] The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. The ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health. Courts and court

---

[1] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

operations are necessarily social operations, involving many people. Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through the new trial date from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. As noted above, the Court continues to experience restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.

Beyond that, the health risks associated with trial remain acute in Utah and throughout the nation. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. The Court will provide as many trial dates as possible to defendants seeking trials. But empaneling and hosting multiple criminal juries, including facilitating jury selection and jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.

A failure to continue trial under these circumstances would result in a miscarriage of justice[2] and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[3] Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.[4]

## ORDER

IT IS HEREBY ORDERED that the 4-day jury trial previously scheduled to begin on April 22, 2022 is continued to the 24th day of June, 2022 at 9:00 a.m. Accordingly, the time from the entry of General Order 20-009, March 16, 2020, and the new trial date is excluded from Defendant's speedy trial computation for good cause.

SO ORDERED this 6th day of April, 2022.

BY THE COURT:

_____
David Barlow
United States District Judge

---

[2] 18 U.S.C. § 3161(h)(7)(B)(i).
[3] *Id*. § 3161(h)(7)(B)(iv).
[4] *Id*. § 3161(h)(7)(A).