IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>MICHAEL WILKINSON,<br>Defendant. | CASE NO: **1:21CR8 DBB**<br><br><br>**DETENTION ORDER** |

The defendant is on supervised release and has been accused of violating it. The court held a detention hearing under Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(1). The court concludes the defendant must be detained pending the revocation hearing.

Based on the information of record, the court finds that the defendant's release would pose an unmanageable risk of harm to the public. The defendant has simply failed to meet the burden under Federal Rule of Criminal Procedure 32.1(a)(6) of proving the risks posed to be manageable, by clear and convincing evidence.

Specifically, the court finds that the defendant

☒ has a criminal record which indicates a propensity to violate the law and court orders;

☐ has a criminal record which indicates a propensity to violate court orders;

☒ has violated the conditions of release previously imposed by the court;

☒ has a propensity to harm or threaten harm to others;

☐ is addicted or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released;

☒ was not truthful with probation and therefore poses a substantial risk of noncompliance with supervision;

☐ is not a United States citizen, is subject to an ICE detainer, and faces deportation;

☐ is not a United States citizen and could flee the country before trial;

☐ has substantial contacts with a foreign country and could flee the country before trial;

☐ has limited contacts with the community;

☐ lacks a stable residence;

☐ has limited employment contacts;

☐ has failed to appear for court proceedings in the past;

☐ is currently in state custody;

☒ committed the alleged crime while on supervision;

☐ committed the alleged crime while on bond;

☐ has mental health issues which will pose a risk of harm if the defendant is released;

☐ waived the right to a detention hearing;

and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Defendant has done well with a job and obtaining extra therapy. However, he has been deceptive with his probation officer, which precipitated a call from his counsel to reveal that defendant has been surreptitiously using electronic devices. On further inspection, sexually explicit searches and images were located on the secreted computer. At least 2 images appear to be child pornography. Defendant's deception, which is intended to circumvent protections imposed so that he can apparently view sexually explicit images is very concerning and demonstrates why he cannot show by clear and convincing evidence that he is a manageable risk of danger to the community despite extra treatment.

### Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated December 16, 2025.


BY THE COURT:


_____
Magistrate Judge Jared Bennett